**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  2/3/22
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **13-CR-807 (ALC)** |
| -against- | **ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE** |
| **WILLIAM S. BELFAR,** | |
| Defendant. | |

**ANDREW L. CARTER, JR., United States District Judge:**

  On June 3, 2019, the Court sentenced Defendant William S. Belfar to five years of probation. ECF No. 57. On December 17, 2020, Mr. Belfar filed a letter motion for early termination of probation pursuant to 18 U.S.C § 3564(c) and for return of cash bail. ECF No. 63. On January 5, 2021, the government filed its response, which opposed the request for early termination, but did not oppose the return of Mr. Belfar's cash bail. ECF No. 65. In light of the government's response, Mr. Belfar requested bifurcation of his original motion and a ruling on the unopposed cash bail motion. ECF No. 67. On April 21, 2021, the Court granted Mr. Belfar's request regarding cash bail, and the cash bail was returned to Mr. Belfar on May 21, 2021. ECF No. 68. The Court now considers Mr. Belfar's request for early termination of probation. For the reasons below, Mr. Belfar's motion is GRANTED.

  A court may "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). When considering a motion to terminate probation, a Court considers the 18 U.S.C. § 3553(a) factors "to the extent that they are applicable." *Id*. "These factors address general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and

consistency." *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)). Early termination of probation or supervised release may be appropriate in light "new or unforeseen circumstances," such as "exceptionally good behavior by the defendant." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). However, "there is no additional requirement that [the Court] make a finding of new or changed circumstances," so long as the Court "consider[s] the relevant 18 U.S.C. § 3553(a) sentencing factors." *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016.).[1]

The Court finds that termination of probation is warranted here. Mr. Belfar has completed approximately two years and seven months of his five-year probation term, and he therefore meets the one-year requirement. Further, it is undisputed among the parties that Mr. Belfar has fully complied with his probation conditions. Indeed, while the government opposes the application for early termination, it "acknowledges that the defendant has continued to serve his period of probation commendably." ECF No. 71 at 2. Since October 2019, just a few months into his sentence, Mr. Belfar has been placed on Low-Intensity Caseload. ECF No. 69-1 ¶ 14. Importantly, Mr. Belfar's probation officers do not object to the early termination of Mr. Belfar's probation. ECF No. 63-1 at 1 ("Mr. Belfar is currently being supervised by our district's Low Intensity Caseload as a result of his excellent compliance with his terms of supervised release. With that said, I agree with my colleague Officer Baker, and have no objection to Mr. Belfar's motion to terminate his supervision."). Additionally, there is no identifiable risk to the public, and, as this case has been pending since 2013 and Mr. Belfar has been under the Court's watch for a substantial amount of time, nine years, a continued period of probation is unnecessary for deterrence.

---

[1] Both *Lussier* and *Parisi* involve termination of supervised release.

Chiefly, Mr. Belfar has demonstrated exceptional rehabilitation. Mr. Belfar's court-referred therapist has stated that Mr. Belfar is "fully rehabilitated and does not require further treatment." ECF No. 69-2 ¶ 20. As a mental health and substance abuse counselor, Mr. Belfar has dedicated his employment and community service to assisting those harmed by narcotics and other addictive substances. He has completed coursework with the New York State Office of Alcoholism and Substance Abuse disorders, including courses on mandatory reporting and self-disclosure, Medication Assisted Treatment, and the opiate crisis in New York. He has trained patients to administer NARCAN. He works with a large number of patients who are on state parole and federal supervised release. *See generally*, ECF No. 69-1; *see United States v. Sam*, No. 16-CR-184 (JGK), 2018 WL 836055, at *1 (S.D.N.Y. Feb. 12, 2018) ("She has also shown extraordinary rehabilitation by working actively for the benefit of others who were previously imprisoned."). Mr. Belfar has also strengthened his relationship with his son, who currently resides with Mr. Belfar. ECF No. 69-1 ¶¶ 13, 15.

Accordingly, after careful review of Mr. Belfar's circumstances and the U.S.C. § 3553(a) sentencing factors, Mr. Belfar's request for an early termination of his probation sentence is GRANTED. The Clerk of Court is respectfully directed to terminate ECF No. 69.

**SO ORDERED.**

Dated:    **February 3, 2022**
            **New York, New York**

                                                         **ANDREW L. CARTER, JR.United States District Judge**